UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GUILLERMO ENRIQUE SEGRERA-DELAESPRIELLA**       **REGISTER NO. 2964-018** | : : | **CIVIL ACTION NO. 13-3150** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner Guillermo Enrique Segrera-Delaespriella pursuant to 28 U.S.C. § 2241.  At the time of filing, petitioner was an inmate in the custody of the Federal Bureau of Prisons ("BOP") and was incarcerated at the Federal Correctional Institute Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the matter be **DISMISSED WITHOUT PREJUDICE.**

### *Background*

Petitioner, a citizen of Columbia, was convicted on May 24, 2006, of various drug related charges.  Doc. 1, pp. 1-2.  He was sentenced by the Southern District of Florida, Miami Division to 292 months incarceration.  *Id*. at 1.

While serving his sentence petitioner contends that he was diagnosed with Lou Gehrig's Disease and/or Amyotrophic Lateral Sclerosis ("ALS"). As a result, petitioner seeks release from custody via the BOP's Compassionate Release Program.

*Law and Analysis*

Petitioner seeks release from custody and immediate deportation. *Habeas* relief under 28 U.S.C. § 2241 provides in pertinent part, "[t]he writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States. ..." 28 U.S.C. § 2241(c)(3). Information on the Federal Bureau of Prison's website indicates that the petitioner was released from custody on June 9, 2014.[1] This is consistent with the Change of Address Notice filed by petitioner wherein he stated that his deportation was scheduled for June 9, 2014. Doc. 14, p. 1.

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed. Appx. 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir.1987)). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005).

In the current *habeas* petition, petitioner seeks an immediate or accelerated release from confinement. Because petitioner has been released the court cannot grant the relief requested and his case is moot.

Accordingly,

---

[1] http://www.bop.gov/inmateloc (last visit Aug. 19, 2014).

**IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE as moot.**

Under the provisions of 28 U.S.C. §636(b)(1)(C), parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.1996).**

THUS DONE this 17th day of September, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE